**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JAMES SHELTON**

***Plaintiff,***

**v.**

**COMMITTEE FOR POLICE OFFICERS DEFENSE PAC**
***Defendants.***

**CIVIL ACTION NO.: 2:24-cv-04679-JP**

**JURY TRIAL DEMANDED**

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE, MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant Committee for Police Officers Defense PAC ("CPOD") through its undersigned counsel, hereby responds in opposition to Plaintiff James Shelton's Request for the Clerk's Entry of Default, or in the alternative, requests that if the Clerk administratively enters a default, that it set aside any entry of default. In support, CPOD states as follows:

**BACKGROUND AND PROCEDURAL HSTORY**

Plaintiff commenced this proposed class action on September 5, 2024 by filing a proposed class action Complaint in the United States District Court for the Eastern District of Pennsylvania (the "Complaint"). *See* ECF No. 1. CPOD was thereafter served with the Summons and Complaint on September 6, 2024. *See* ECF No. 3. Plaintiff's Complaint asserts violations of the Telephone Consumer Protection Act ("TCPA") through allegedly illegal robocalls to Plaintiff and others within the purported class. *See* ECF No. 1. Defendant denies Plaintiff's allegations and denies that they violated the TCPA.

In late September 2024, counsel for CPOD was contacted by CPOD regarding this

litigation, but given CPOD's very limited financial resources currently, CPOD only engaged counsel for the limited purpose of resolving this matter through a potential settlement. In other words, CPOD did not engage counsel for litigation purposes.

On September 24, 2024, while in the process of being engaged in a limited capacity for potential resolution only, counsel for CPOD contacted counsel for Plaintiff requesting a four-week extension to respond to Plaintiff's Complaint. Plaintiff's counsel responded the same day, granting a two-week extension to respond to the Complaint. *See* Exhibit ("Ex.") A, Email Correspondence. As a result, Plaintiff agreed that Defendant could respond to the Complaint by October 11, 2024.

On October 4, however, and prior to CPOD's current deadline to respond to the Complaint, Plaintiff filed a request for default and misleadingly wrote to the Court that, "no extension of time was granted." *See* ECF No. 4. This is not the first time Plaintiff's counsel has engaged in similar gamesmanship and half-truths. Last year, Judge Baylson held in comparable circumstances that "[i]f any misconduct exists, it is [Mr. Perrong's] decision to act with petulance rather than professionalism by ignoring communications from opposing counsel, filing a request for default judgment despite knowing that Defendants intended to answer, and forcing Defendants to 'rack up billables' … in order to oppose Plaintiff's Request for Default Judgment. [Mr. Perrong's] behavior is gamesmanship of the lowest order." *Perrong v. DVD II Grp., LLC*, No. CV 23-361, 2023 WL 3229934, at *2 (E.D. Pa. May 3, 2023). Unfortunately for CPOD, what's past is prologue.

## ARGUMENT

### A. Defendant CPOD should have at least until October 11, 2024 to Respond to the Complaint and is not in Default

Plaintiff's request for the clerk to enter a default should be denied because it is

procedurally deficient under Rule 55, and CPOD should have until at least October 11, 2024 to respond to Plaintiff's Complaint given the Parties' agreement. CPOD has therefore not "failed to plead or otherwise defend," pursuant to Federal Rule of Civil Procedure 55, and thus there are no grounds to enter default against CPOD. *See* Fed. R. Civ. P. 55(c).

First, Rule 55(a), on which Plaintiff purportedly relies for the proposition that the Clerk "*must*" enter default judgment, only applies "on the plaintiff's request, **with an affidavit showing the amount due**." Fed. R. Civ. P. 55(a) (emphasis added).[1] Plaintiff has submitted no such affidavit, has not satisfied the requirements of Rule 55(a), and thus the Clerk *must not* enter a default judgment under this Rule.

Further, as articulated above, counsel for CPOD and counsel for Plaintiff agreed to a two-week extension for CPOD to respond to Plaintiff's Complaint, making the negotiated deadline October 11, 2024. *See* Ex. A. Plaintiff's representation to the Court that "no extension of time

---

[1] CPOD suspects that Plaintiff and his counsel skipping over the first half of a fact, rule, or law will be a consistent theme throughout this litigation if it continues. Relevant to this case, entities calling on behalf of CPOD have a live agent initiate a call and speak with the called party, and if the called party consents to transfer over to a "soundboard" operator, prerecorded audio messages will be played by an agent. That is entirely lawful under the Telephone Consumer Protection Act, and is the precise holding in *Moser v. FCC*, 46 F.3d 970 (9th Cir. 1995). There, the Ninth Circuit recognized that the TCPA does not ban prerecorded messages that are first introduced by a live agent. *Id*. at 972 ("Under [47 U.S.C. § 227(b)(1)(B)], prerecorded messages may be used only if *a live operator introduces the message* or if the consumer consents.") (emphasis added); *id*. at 975 ("The restrictions in the [TCPA] leave open many alternative channels of communications, including the use of taped messages introduced by live speakers[.]"); *see also Braver v. Northstar Alarm Servs., LLC,* Case No. CIV-17-0383-F , 2019 U.S. Dist. LEXIS 191745, at *12 (W.D. Okla. Nov. 5, 2019) (recognizing that, per *Moser*, "taped messages introduced by live speakers" do not violate the TCPA); *see also Woods v. Santander Consumers USA Inc.,* Case No.: 2:14-cv-02104-MHH, 2017 U.S. Dist. LEXIS 47256, at *14 (N.D. Ala. Mar. 30, 2017) (recognizing that "[a]s the Court in *Moser* explained, nothing in the TCPA prohibits 'the use of taped messages introduced by live speakers"). Unfortunately for CPOD, the allegations in Plaintiff's Complaint *begin in the middle of the call* – after Mr. Shelton would have spoken with a live operator and verbally consented to the transfer to a soundboard operator. ECF. No. 1 at ¶ 27.

was granted," is at best entirely misleading[2] and is an attempt to seek default under false pretenses, similar to Mr. Perrong's actions in the *DVD II Group* case cited above. To quote Judge Baylson, "this is gamesmanship of the lowest order." *DVD II Grp., LLC*, 2023 WL 3229934, at *2.

**B. There is "Good Cause" to Set Aside Entry of Default**

In the event the Clerk enters a default judgment, which it should not as established above, there is good cause to set aside any default judgment. Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c); *see also Handle v. Postmaster Gen.*, 806 F. App'x 95, 99-100 (3d Cir. 2020) ("As an operation performed by the Clerk of Courts, and not a judge, entry of default requires only a showing of good cause to be set aside.") (citations omitted). As stated above, there is good cause to set aside a default judgment where the negotiated deadline for CPOD to respond to Plaintiff's Complaint has not yet run. CPOD was hopeful that it could resolve Plaintiff's Complaint through an individually negotiated settlement, rather than spend a substantial percentage of its very limited cash on hand on preliminary court filings that would be unnecessary if the Parties reached a quick resolution.[3] As a result, if the Clerk does enter default judgment, there is good

---

[2] CPOD suspects Plaintiff is engaging in a game of semantics, i.e., *parties agree* to extensions, while the *Court grants* extensions. But Plaintiff represented that "[a]lthough purported counsel for Defendant engaged with counsel for Plaintiff, no extension of time was granted." ECF No. 4 at 2. Given that the first clause of this representation concerns the parties' counsel "engaging," it would only be natural to read the second part as meaning that Plaintiff's counsel did not "grant" or otherwise agree to an extension, when the exact opposite is true.

[3] For the avoidance of doubt, CPOD does understand it would have been procedurally proper to move the Court for such an extension. CPOD respectfully submits that it had approximately $12,000 in its bank account before making an appearance in this case, and *any level* of litigation is expensive – let alone class action litigation in federal court. Given ArentFox Schiff's prior experience with Plaintiff's counsel, CPOD had legitimate grounds for believing that Plaintiff's counsel would agree to their typical *in terrorem* settlement demand without

cause to set it aside. *See Handle*, 806 F. App'x at 100 ("[T]here is a strong presumption in favor of resolving cases on the merits [rather than via default judgment].").

**CONCLUSION**

For the reasons stated above, Plaintiff's Request for Entry of Default against Defendant Committee for Police Officers Defense PAC should be denied. In the alternative, Defendant's Request to Set Aside the Default Judgment should be granted.

DATED: October 8, 2024

Respectfully submitted,

ARENTFOX SCHIFF LLP

By: _/s/ *Sharon O'Reilly*_____

Sharon O'Reilly
PA ID No. 327315
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
212.484.3900
sharon.oreilly@afslaw.com
*Attorney for Defendant Committee for Police Officers Defense PAC*

---

having to litigate. Unfortunately, Plaintiff's counsel were not content with sucking CPOD's bank account dry over a single *lawful* phone, and proceeded to engage in the present gamesmanship.

**CERTIFICATE OF SERVICE**

I, Sharon O'Reilly, hereby certify that I will serve a true and correct copy of the foregoing Defendant's Response in Opposition to Plaintiff's Request for Clerk's Entry of Default Judgment, or, in the alternative, Motion to Set Aside Entry of Default, with the Court and on all parties electronically.

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com

By: */s Sharon O'Reilly* ________________
Sharon O'Reilly
PA ID No. 327315
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
212.484.3900
sharon.oreilly@afslaw.com
*Attorney for Defendant Committee for Police Officers Defense PAC*

Dated: October 8, 2024