# Exhibit A

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, September 24, 2024 3:39 PM
**To:** Bowser, Adam <adam.bowser@afslaw.com>
**Cc:** a@perronglaw.com
**Subject:** RE: Shelton/COPD Complaint EDPA

**This Message Is From an Unknown Sender**
You have not previously corresponded with this external sender. Please treat this email with caution.

Report Suspicious

Hey, Adam. Correct on the punch list, and we'd agree to a 2-week extension of time to respond, which should leave us plenty of time to negotiate and then turn to the litigation if there is no settlement.

As a FYI, we also have a second client.

**From:** Bowser, Adam <adam.bowser@afslaw.com>
**Sent:** Tuesday, September 24, 2024 3:38 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** a@perronglaw.com
**Subject:** RE: Shelton/COPD Complaint EDPA

Hi Anthony,

Just to clarify so I can take this back to COPD, are you willing to agree to a four-week extension to respond?

I'm still getting up to speed with COPD, but in terms of settlement conversation, would your standard punch list of documents that you've asked for previously be a good place to start?

**Adam Bowser**
PARTNER | **ARENTFOX** SCHIFF LLP
adam.bowser@afslaw.com | **DIRECT** 202.857.6126

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, September 24, 2024 2:59 PM
**To:** Bowser, Adam <adam.bowser@afslaw.com>
**Cc:** a@perronglaw.com
**Subject:** Re: Shelton/COPD Complaint EDPA

Hello, Adam. We think it makes sense to have exchanges of information with litigation counsel, so if there's a settlement conversation you'd like to have, please tender anything you'd like, but we should do it quickly since the response to the complaint is coming due

On Sep 24, 2024, at 2:11 PM, Bowser, Adam <adam.bowser@afslaw.com> wrote:

Hi Andy and Anthony,

Hope all is well.  I'm in the process of being engaged in a limited capacity to assist the Committee for Police Officers Defense PAC (CPOD) related to the case you filed on behalf of James Shelton.  More specifically, I am not being engaged to represent CPOD in the litigation, but to hopefully resolve it quickly, given their financial condition and resources.

Given that, I was hoping we could chat about the case.  Briefly though, CPOD's understanding is that any calls to a cell phone would have been initiated by a live agent that spoke with the called party directly, and only if the called party consented would they be warm transferred to another live agent using soundboard.  COPD believes that the allegations in the complaint (para. 27-29) encompass only the second part of the call after Mr. Shelton consented to the soundboard transfer.  Based on the accurate word-for-word summary contained in the complaint, I can only assume that Mr. Shelton has a recording of the call that can confirm that this was the case for the call to him as well.  Because again, CPOD is not aware of any agent that initiates any call starting with soundboard, but only if the called party consents on the call after speaking with the agent live.  Happy to discuss further if you have a different understanding.

Separately, CPOD did not give me a firm date on when they were served, but I think the response deadline might be coming up shortly.  While I'm not authorized to make an appearance in this case, it doesn't look like any proof of service has been filed.  Given this, would you agree to a 4-week extension to respond to the complaint, as needed, if we are not able to resolve it and CPOD would have to engage separate litigation counsel?

Please let me know.

Regards,
Adam

<image001.jpg>    **Adam Bowser**
PARTNER | **ARENTFOX** SCHIFF LLP
adam.bowser@afslaw.com | **DIRECT** 202.857.6126
My Bio | LinkedIn | Subscribe
1717 K Street, NW, Washington, DC 20006

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.