IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SHELTON<br><br>*Plaintiff*,<br><br>v.<br><br>COMMITTEE FOR POLICE OFFICERS DEFENSE PAC<br>*Defendants*. | CIVIL ACTION NO.: 2:24-cv-04679-JP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant Committee for Police Officers Defense PAC ("CPOD") through its undersigned counsel, hereby moves for an extension to respond to Plaintiff's Complaint. In support, CPOD states as follows:

**BACKGROUND AND PROCEDURAL HSTORY**

Plaintiff commenced this proposed class action on September 5, 2024 by filing a proposed class action Complaint in the United States District Court for the Eastern District of Pennsylvania (the "Complaint"). *See* ECF No. 1. CPOD was thereafter served with the Summons and Complaint on September 6, 2024. *See* ECF No. 3. Plaintiff's Complaint asserts violations of the Telephone Consumer Protection Act ("TCPA") through allegedly illegal robocalls to Plaintiff and others within the purported class. *See* ECF No. 1. Defendant denies Plaintiff's allegations and denies that they violated the TCPA.

In late September 2024, counsel for CPOD was contacted by CPOD regarding this litigation, but both counsel and CPOD were working through the engagement terms. Specifically, CPOD is not financially flush with money, and therefore they were working with

counsel to devise an engagement for the limited purpose of resolving this matter. At that time, and due to its financial position, CPOD did not engage counsel for litigation purposes.

On September 24, 2024, while in the process of being engaged in a limited capacity for potential resolution only, counsel for CPOD contacted counsel for Plaintiff requesting a four-week extension to respond to Plaintiff's Complaint. Plaintiff's counsel responded the same day, granting a two-week extension to respond to the Complaint. *See* Exhibit ("Ex.") A, Email Correspondence. As a result, CPOD's deadline to respond is currently October 11, 2024.

On October 4, however, and prior to CPOD's new deadline to respond to the Complaint, Plaintiff filed a request for default and misleadingly wrote to the Court that, "no extension of time was granted." *See* ECF No. 4.

On October 7, 2024, and as a result of Plaintiff's default filing, CPOD agreed in principle to engage counsel for litigation purposes in this matter, which engagement has not yet been finalized.

## **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1), a Court may extend time to respond to a Complaint for good cause. *See* Fed. R. Civ. P. 6(b)(1). District courts typically have considerable discretion in extending deadlines. *See id.*; *see also McKinnis v. Hartford Life*, 217 F.R.D. 359, 360, n.3 (E.D. Pa. 2003) ("Rule 6(b)(1) gives the court wide discretion to grant a request for additional time that is made prior to the expiration period.").

CPOD represents that good cause exists for an additional two-week extension of the deadline for CPOD to respond to Plaintiff's Complaint. Counsel for CPOD was just recently informed of this case through CPOD in late September, and at that time, was only engaged for the limited purpose of resolving this matter through a potential settlement. Given CPOD's very

limited financial resources, ArentFox Schiff LLP was expressly not retained for litigation purposes initially, but is now attempting to work through a litigation engagement given Plaintiff's recent actions to seek a default judgment.  This effectively gives counsel only four days to draft a response to Plaintiff's Complaint, without a finalized engagement agreement for any litigation in place.  Further, counsel for CPOD is actively trying to resolve this matter and extending the deadline would save the parties' and the Court's resources while they continue discussions, which is particularly significant to CPOD due to its financial situation.  Finally, undersigned counsel for CPOD is getting married this weekend, will be out of the office starting tomorrow and not returning until October 15, 2024, which will delay her response time in this case.

## **CONCLUSION**

For the reasons stated above, Defendant Committee for Police Officers Defense PAC's Motion for an Extension should be granted, and Defendant Committee for Police Officers Defense PAC should have until October 25, 2024 to respond to Plaintiff's Complaint.

DATED: October 8, 2024　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　ARENTFOX SCHIFF LLP

　　　　　　　　　　　　　　　　　By:  /s/ *Sharon O'Reilly*
　　　　　　　　　　　　　　　　　　　Sharon O'Reilly
　　　　　　　　　　　　　　　　　　　PA ID No. 327315
　　　　　　　　　　　　　　　　　　　1301 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　42nd Floor
　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　212.484.3900
　　　　　　　　　　　　　　　　　　　sharon.oreilly@afslaw.com
　　　　　　　　　　　　　　　　　　　*Attorney for Defendant Committee for Police Officers Defense PAC*

**CERTIFICATE OF SERVICE**

I, Sharon O'Reilly, hereby certify that I will serve a true and correct copy of the foregoing Defendant's Motion to Extend Deadline to Respond to Plaintiff's Complaint, with the Court and on all parties electronically.

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com

By: */s Sharon O'Reilly*
Sharon O'Reilly
PA ID No. 327315
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
212.484.3900
sharon.oreilly@afslaw.com
*Attorney for Defendant Committee for Police Officers Defense PAC*

Dated: October 8, 2024