# EXHIBIT A

# DECLARATION OF JAMES E SHELTON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>COMMITTEE FOR POLICE OFFICERS DEFENSE PAC<br><br>Defendant. | Case No. 24-4679<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF JAMES E. SHELTON**

1. My name is James E. Shelton. I am over 18 years old. I can testify competently to the undersigned statements.

2. My telephone number 215-XXX-XXXX is on the National Do-Not-Call Registry and has been since 2006.

3. I am the user of 215-XXX-XXXX.

4. I pay the bill for 215-XXX-XXXX.

5. This number is used for personal, household purposes. I do not use it for business purposes or business use at all.

6. This number is assigned to a residential cellular telephone service. I am the subscriber of record, and I pay the bill from my personal accounts.

7. The allegations in the Defendant's motion to dismiss are bizarre and utterly false.

8. As an initial matter, Final Verdict Solutions is a successful judgment collection business that purchases and collects all manner of money judgments, including family court judgments, small claims judgments, tort judgments, landlord-tenant judgments, business judgments, and telemarketing judgments.

1

9. Final Verdict Solutions is not, and has never been, a "front for [a] TCPA scheme."

10. I also do not and have never "maintain[ed] a large and constantly changing reservoir of burner phones and burner phone numbers."

11. To the contrary, only two of the telephone numbers identified in the list the Defendant places in Footnote 1 are mine. One of the phone numbers is my business number. I do not recognize the remainder, or they are numbers for my parents and brother which I do not even use and have never used as my own.

12. I have never been convicted of a crime, other than minor traffic offences.

13. I have never been held liable civilly or criminally for fraud or any similar theory. I have never had a civil judgment entered against me. To the contrary, previous allegations of the same have all been dismissed, including Judge Wolson dismissing a RICO fraud case against me in *Jacovetti Law, P.C. v. Shelton* with prejudice (Case No. 2:20-cv-00163-JDW)

14. With respect to the call I received from the Defendant, that call was made with a prerecorded voice.

15. The call began with me saying "hello" twice and then played a prerecorded voice.

16. At no point during the beginning of the call did I speak to a human.

17. In fact, I was only transferred to a human being about a minute into the call, after I attempted to speak over the recording and the prerecorded voice kept playing.

18. For the avoidance of any and all doubt, the call began with a prerecorded voice.

19. Thus, in addition to being "made" using a prerecorded voice, the call I received was also "initiated" using a prerecorded voice.

20. I also made a full and complete recording of the call contemporaneously at the time the call was made to me.

21. In addition to falling under the exemption under Pennsylvania law for recording unlawful calls which violate the TCPA, the recording was lawfully obtained because I disclosed that the call was being recorded.

22. I have retrieved and reviewed the recording and provided it to my counsel. The recording is a complete record of the call from start to finish, has not been edited, and accurately reflects my own recollection of the call.

23. I have also reviewed the transcript of the call that my counsel had created based on the recording I sent them. The transcript accurately reflects both my own recollection of the call as well as the recording I reviewed and sent to counsel.

24. I have never been held to be inadequate as a class representative.

25. No court has ever held that I lacked standing because I lacked an injury-in-fact because the illegal calls I received purportedly did not injure me.

26. To the contrary, every court to consider the matter has held the opposite: that I did have standing and that the illegal calls I receive injured me.

27. This case is no different.

28. As a consumer protection advocate, I have filed more than fifty lawsuits alleging violations of the Telephone Consumer Protection Act.

29. Combined, this experience has given me insight into the methods telemarketers use to conceal their identities and has allowed me to develop methods of identifying those scammers who place telephone calls to me in violation of the TCPA.

30. For example, one method used by many callers is to conceal their identities by using generic names like "Health Marketplace," "Automotive Services," or "Home Improvement" and make calls using fake, or spoofed, caller ID numbers. This is an extremely common practice in the telemarketing industry aimed at avoiding liability under the law for making illegal telemarketing calls.

31. Therefore, identifying the origin of these callers who place unwanted and illegal calls to me is virtually impossible without engaging the callers in their telemarketing script in order to obtain their true corporate identities. Otherwise, the callers are impossible to identify and hold accountable for their actions.

32. Sometimes, even engaging the caller in their script will be fruitless unless I agree to purchase the goods or services offered on the call. In these cases, I know that I will only uncover the true corporate identity of the caller if I, for example, make a purchase or schedule an appointment to ascertain their identity. This level of investigation was necessary in the *Comcast* case cited by the Defendant because I needed to make sure that Comcast was calling me, and not some impersonator pretending to be Comcast.

33. The degree of investigation necessary depends on the nature of the call and the steps the company who called me has taken to conceal their identity. For example, in this case, I made a political contribution to the Defendant PAC in order to verify that the caller was actually the Defendant and not some impostor. However, other callers might undertake more elaborate efforts to conceal themselves, which in turn requires more involved investigation.

34. My actions in investigating the callers who illegally call me by engaging with their telemarketing scripts does not place me in a position to invite calls or deprive me of the injury these calls inflict upon me. Rather, my engagement with the callers who call me occurs

4

only during the course of the illegal and unsolicited calls that they place to me on their own accord, without any interaction nor intervention from me. This engagement, in turn, only allows me to identify the callers who break the law by concealing their identities.

35. To be clear, I do nothing to precipitate the illegal calls and messages which are placed to me. I do not want these communications, but they continue to be placed to me. They are highly annoying and disruptive.

36. I have never proactively created or found TCPA claims nor entrapped businesses. I do not welcome nor invite these illegal calls and have taken measures for them to stop, including by placing my number on the Do-Not-Call Registry and holding those who call me accountable for their actions.

37. I was harmed by the Defendant's call. I was deprived of legitimate use of network resources, bandwidth, power, and storage space and my privacy was improperly invaded. Additionally, my statutory rights as recognized by the TCPA were violated. Illegal calls are frustrating, obnoxious, and annoying. They are a nuisance and disturbed my solitude.

38. Moreover, the call disrupted my actual, legitimate work, as it came during the middle of the day while I was working.

39. My number is on the Do-Not-Call Registry, and I did not provide any consent for anyone to send this call to me, especially not through the use of an artificial or prerecorded voice.

40. I do not maintain any telephone numbers for the purpose of bringing lawsuits, including under the TCPA.

41. I do not and have never welcomed nor wanted illegal calls and do nothing to receive or deserve them. My injury was done completely at the hands of Defendant, who took it upon itself to call me using a prerecorded message in violation of the TCPA.

42. I brought this case as a class action because I know that there are likely thousands more people in a similar situation such as myself, having received calls from Defendant without their consent.

43. I was not paid by anyone to investigate these calls.

44. I brought this case not for personal motives or financial gain, but as a bulwark for the rights of consumers against illegal telemarketing. I was not paid by anyone to do so.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed this 26th day of December, 2024, at King of Prussia, Pennsylvania,

*/s/ James E. Shelton*

**James E. Shelton**