IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SHELTON, | : |
| Plaintiff, | : |
| v. | : Civil Action. No.: 2:24-cv-04679 |
| COMITTEE FOR POLICE OFFICERS' DEFENSE PAC | : |
| Defendants. | : |

## ORDER

AND NOW, this 27th day of March 2025, upon consideration of Defendant's Motion to Dismiss (Dkt. #21) and Plaintiff's response thereto (Dkt. #24), it is hereby ORDERED that Defendant's Motion is DENIED.[1]

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] Plaintiff, James Shelton (Shelton), alleges that Defendant, Committee for Police Officers' Defense PAC (PAC), negligently, willfully, or knowingly, violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b), by calling Shelton's residential cellular phone using a pre-recorded robo-call. *See* Pl.'s Compl. at 5, 10. PAC has moved to dismiss Shelton's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, PAC's motion is denied.

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction … In reviewing a factual attack, the court may consider evidence

1

outside the pleadings." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Here, Defendant submitted an affidavit and additional evidence to support its motion.

PAC's principal argument under Rule 12(b)(1) is that Shelton has a history engaging in a series of litigation-for-profit schemes, affirmatively soliciting violations of the TCPA for his personal gain. PAC's argument follows that Shelton is a "Professional Plaintiff" and lacks the particularized injury required to support standing in this case. Def.'s Mot. to Dismiss at 2. PAC submitted a copy of Final Verdict Solution's Website containing Shelton's bio and describing his work as director of that organization. PAC also submitted a copy of filings in two prior lawsuits filed in the Eastern District of Pennsylvania that (according to PAC) evidence Shelton's cynical use of the TCPA and, therefore, lack of standing in this case.

While PAC raises intriguing issues with respect to the gamification of these sorts of suits, this Court believes that Shelton's Complaint alleges sufficient facts to support his standing in this matter. Plaintiff alleges he has been on the National Do Not Call Registry for over a year and that PAC was called on his personal phone, using a pre-recorded voice and that the call was unwanted and non-consensual. This Court believes the facts as alleged present make out a concrete injury in fact sufficient to support standing. Accordingly, Shelton's Complaint survives PAC's 12(b)(1) motion. It follows that PAC's arguments under 12(b)(6) fail, as well, for these same reasons. Nothing in this Order precludes the filing of a future dispositive motion.