# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**COMMITTEE FOR POLICE OFFICERS DEFENSE PAC**,<br><br>Defendant. | Case No. 2:24-cv-04679-GAW |

## DEFENDANT COMMITTEE FOR POLICE OFFICERS DEFENSE PAC'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant Committee for Police Officers Defense PAC ("CPOD"), by and through its undersigned counsel, files this Answer and Counterclaim to Plaintiff James E. Shelton's ("Plaintiff") Complaint and states as follows:

### I.   INTRODUCTION

1. Paragraph 1 of the Complaint is a quote from a United States Supreme Court case to which no admission or denial is necessary. To the extent Plaintiff is implying that 2019 statistics on complaints regarding "robocalls" is relevant, CPOD denies their relevance to the allegations in this case.

2. CPOD denies the allegations of Paragraph 2.

3. CPOD admits to the allegations of Paragraph 3 to the extent it alleges that Plaintiff has filed a class action lawsuit against CPOD. However, CPOD denies the allegations in Paragraph 3 to the extent those allegations include any implication that Plaintiff's claims are valid or that class certification is appropriate in this case. CPOD specifically denies that a putative class action

1

is warranted.

4.   CPOD denies the allegations of Paragraph 4.

## II.   PARTIES

5.   CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 regarding Plaintiff's residency and therefore denies the same.

6.   CPOD admits that it is a federally registered Political Action Committee with its headquarters and principal place of business in Fairfax, Virginia.

## III.   JURISDICTION AND VENUE

7.   CPOD states that 28 U.S.C. § 1331 is a federal statute that speaks for itself. CPOD further states that Paragraph 7 contains legal conclusions to which no response is required. To the extent Paragraph 7 is construed to contain factual allegations, CPOD denies each and every one of them.

8.   CPOD states that the determination of personal jurisdiction is a legal conclusion to which no response is required. To the extent Paragraph 8 contains factual allegations, CPOD denies each and every one of them.

9.   CPOD states that the determination of venue is a legal conclusion to which no response is required. To the extent Paragraph 9 contains factual allegations, CPOD denies each and every one of them.

## IV.   FACTS

### A.   The TCPA Prohibits Prerecorded Calls to Cell Phones

10.   Paragraph 10 is a legal conclusion to which no response is required.

11.   Paragraph 11 is a legal conclusion to which no response is required.

12.   Paragraph 12 is a legal conclusion to which no response is required.

13.     Paragraph 13 is a legal conclusion to which no response is required.

14.     Paragraph 14 is a legal conclusion to which no response is required.

15.     Paragraph 15 is a legal conclusion to which no response is required.

16.     Paragraph 16 is a legal conclusion to which no response is required.

17.     Paragraph 17 is a legal conclusion to which no response is required.

    **B. Unsolicited Telemarketing to Plaintiff**

18.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 regarding Plaintiff's status as a person and therefore denies the same.

19.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     CPOD denies the allegations of Paragraph 24.

25.     CPOD denies the allegations of Paragraph 25.

26.     CPOD objects to this allegation as vague due to its use of the term "robocalls" which is not defined under the TCPA and therefore denies the allegations of Paragraph 26.

27.     CPOD objects to this allegation as vague due to its reference to Paragraph 26's call which is qualified as a "robocall" which is not a defined term under the TCPA and therefore denies the allegations of Paragraph 27.

28.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     CPOD denies the allegations of Paragraph 31.

32.     CPOD admits to the allegations in Paragraph 32.

33.     CPOD denies the allegations of Paragraph 33 as those allegations characterize the call as illegal.

34.     Paragraph 34 contains observations and speculations made by Plaintiff to which CPOD does not have sufficient knowledge or information to form a belief as to Plaintiff's subjective thoughts as to the voice on the call.

35.     CPOD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     CPOD denies the allegations of Paragraph 36.

37.     CPOD admits to the allegations of Paragraph 37.

38.     CPOD denies the allegations of Paragraph 38.

39.     CPOD denies the allegations of Paragraph 39.

40.     CPOD denies the allegations of Paragraph 40.

## V.    CLASS ALLEGATIONS

41.    Paragraph 41 is a legal conclusion to which no response is required. To the extent a response is required, CPOD admits that Plaintiff purports to bring this action as a class action pursuant to Fed. R. Civ. P. 23. However, CPOD denies that class certification is appropriate or that Plaintiff can satisfy the requirements of Rule 23, including but not limited to numerosity, commonality, typicality, adequacy, predominance, or superiority. CPOD denies that any valid class exists, that Plaintiff's claims are representative of any putative class, or that class-wide adjudication is appropriate in this case. CPOD further objects to the class definition as overbroad and improperly including individuals who may lack standing or a legitimate claim under the TCPA.

42.    CPOD admits that Plaintiff purports to exclude counsel, CPOD, any entities in which CPOD has a controlling interest, CPOD's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family. However, CPOD denies the existence of any certifiable class.

43.    CPOD objects to this the allegations in Paragraph 33 as those allegations are purely speculation without any factual support, and CPOD denies the existence of any certifiable class.

44.    CPOD denies the allegations of Paragraph 44 and further denies that any class can be certified based upon the allegations of this Complaint. CPOD objects to the allegation of Paragraph 44 hat "potential members of the Class likely number at least in the hundreds" as speculative and without factual support.

45.    Paragraph 45 is a legal conclusion to which no response is required.

46.    Paragraph 46 is a legal conclusion to which no response is required.

47.    Paragraph 47 is a legal conclusion to which no response is required.

48. CPOD denies the allegations of Paragraph 48.

49. CPOD admits to the allegations of Paragraph 49 to the extent that it alleges that Plaintiff has filed a class action complaint seeking injunctive relief and monetary damages. However, CPOD denies that such relief is warranted.

50. Paragraph 50 is a legal conclusion to which no response is required. To the extent a response is required, CPOD denies the allegations in Paragraph 50 and objects to Plaintiff's conclusory assertion that the common questions in this case exist.

51. Paragraph 51 is a legal conclusion to which no response is required. To the extent a response is required, CPOD denies the allegations in Paragraph 51 and specifically denies that Plaintiff's claims are typical of the claims of any putative class members.

52. Paragraph 52 is a legal conclusion to which no response is required.

53. Paragraph 53 is a legal conclusion to which no response is required.

54. Paragraph 54 is a legal conclusion to which no response is required.

55. CPOD denies the allegations of Paragraph 55.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b))
### (On Behalf of Plaintiff and the Robocall Class)

56. CPOD repeats the prior responses to this Complaint and incorporates them by reference herein.

57. Paragraph 57 is a legal conclusion to which no response is required. To the extent that a response is required, CPOD denies those allegations.

58. Paragraph 58 is a legal conclusion to which no response is required. To the extent that a response is required, CPOD denies those allegations.

59. Paragraph 59 is a legal conclusion to which no response is required. To the extent that a

response is required, CPOD denies those allegations.

60. CPOD denies the existence of any class and that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

CPOD denies liability and denies all allegations of the Prayer for Relief and its subsections. CPOD hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

## VI.    DEMAND FOR JURY

CPOD hereby demands trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. CPOD reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. CPOD asserts the following specific defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Virginia or whose claims have no connection whatsoever to Virgina. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

## THIRD DEFENSE

Plaintiff's claims against CPOD are barred, in whole or in part, because the alleged

injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by CPOD.

**FOURTH DEFENSE**

CPOD did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

**FIFTH DEFENSE**

Plaintiff lacks Article III standing to bring this action because he did not suffer an injury in-fact as a result of CPOD's alleged conduct.

**SIXTH DEFENSE**

The imposition of statutory damages under the TCPA against CPOD would violate the due process provisions of the U.S. Constitution.

**SEVENTH DEFENSE**

Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

**EIGHTH DEFENSE**

To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

**NINTH DEFENSE**

Plaintiff's claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

**TENTH DEFENSE**

Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

## ELEVENTH DEFENSE

CPOD is informed and believes that Plaintiff's claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

## TWELFTH DEFENSE

CPOD did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent. To the extent that there was any violation of the TCPA, which CPOD denies, CPOD shall be liable for no more than a $500.00 penalty, as CPOD denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## THIRTEENTH DEFENSE

To the extent there was any violation of the TCPA, which CPOD denies, CPOD shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

## FOURTEENTH DEFENSE

CPOD's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which CPOD denies, such violation(s) were not knowing and willful.

## FIFTEENTH DEFENSE

To the extent there was any violation of the TCPA, which CPOD denies, CPOD's actions were not knowing and/or willful because any violation was unintentional and the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid such violations.

## SIXTEENTH DEFENSE

CPOD is informed and believes that Plaintiff has not sustained any actual injury as a result

of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call for which Plaintiff claims a violation.

**SEVENTEENTH DEFENSE**

By reason of Plaintiff's inaction with respect to and/or ratification of the calls he alleges were made by CPOD, Plaintiff is estopped from recovery herein and Plaintiff's claims against CPOD are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

**EIGHTEENTH DEFENSE**

CPOD's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

**NINETEENTH DEFENSE**

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

**TWENTIETH DEFENSE**

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**TWENTY-FIRST DEFENSE**

Any award of punitive or statutory damages against CPOD would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and

the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

**TWENTY-SECOND DEFENSE**

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)).

**TWENTY-THIRD DEFENSE**

The allegations of the Complaint, and the purported causes of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

**TWENTY-FIFTH DEFENSE**

CPOD acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf.

### TWENTY-SEVENTH DEFENSE

CPOD reserves the right to assert arbitration.

### TWENTY-EIGHTH DEFENSE

CPOD is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, CPOD reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

### COUNTERCLAIM

### Committee for Police Officers Defense PAC v. James E. Shelton

### JURISDICTION

1. Plaintiff in the present action docketed in United States District Court for the Eastern District of Pennsylvania, 2:24-cv-04679-GAW ("Action") is James E. Shelton ("Plaintiff").

2. Defendant in the Action and Counterclaimant is Committee for Police Officers Defense ("CPOD").

3. If the Court has subject matter jurisdiction over the Action, then the Court has jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a), as the Counterclaim arises out of the same transaction or occurrence as Plaintiff's claim.

### FACTS

4. Plaintiff's cause of action here represents nothing more than his attempt to leverage unlawfully obtained and illegally recorded information in a baseless attempt to coerce CPOD into paying Plaintiff.

5. The unlawful conduct arising from Plaintiff and CPOD's interaction was in fact committed by Plaintiff. Plaintiff unlawfully and without authorization recorded a conversation between himself and CPOD's agent, shared this illegal recording with his counsel, and attempts to use it to gain an advantage in his frivolous lawsuit. These unlawful actions invaded a CPOD agent's privacy, and resulted in a significant loss of time and expense for CPOD in defending this Action.

6. On August 26, 2024, a single call was placed to Plaintiff. This was not a telemarketing call, as it was initiated with the sole purpose of soliciting contributions for a political organization subject to 26 U.S. Code § 527.

7. During the call, Plaintiff spoke to an individual who was an agent of CPOD. Complaint ("Compl.") at ¶ 31.

8. Plaintiff outright admits that he recorded the call made by or on behalf of CPOD. *See* Exhibit 1 ("Ex. 1"), Declaration of James E. Shelton [ECF 24-1] at ¶ 20.

9. Contrary to Plaintiff's assertions, the call was recorded unlawfully and in violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. § 5701, et seq. ("WESCA"). "Telemarketing" is defined under 73 Pa. Stat. Ann. § 2242 as follows: A plan, program or campaign which is conducted to induce the purchase of goods or services or to solicit contributions for any charitable purpose, charitable promotion or for or on behalf of any charitable organization by use of one or more telephones and which involves more than one telephone call.

10. By Plaintiff's own admission, Plaintiff "made a full and complete recording of the call contemporaneously", thereby acquiring the communication made on behalf of CPOD. Ex. 1 at ¶

20. Upon information and belief, the recording was made intentionally and using an electronic, mechanical, or other device or apparatus.

11. Plaintiff's recording captured the content and substance of the communication made by CPOD's agent on CPOD's behalf. *See generally*, Exhibit 2 ("Ex. 2"), Transcript of Call [ECF 24-2].

12. Further, Plaintiff shared the complete recording of the call with his counsel, thereby disclosing the contents and substance of the intercepted communication. Ex. 1 at ¶ 22. Upon information and belief, Plaintiff's intentional disclosure of the contents of the recording was made with full knowledge that the recording contained illegally intercepted communication.

13. Plaintiff knowingly and intentionally used the illegally intercepted communication in his lawsuit against CPOD. *See generally*, Ex. 1; Ex. 2.

14. Despite Plaintiff's unsubstantiated allegations to the contrary, Plaintiff did not at any point disclose that the call was being recorded. *See generally*, Ex. 2. CPOD and/or CPOD's agent did not consent to the recording or disclosure of CPOD's communication with Plaintiff.

15. Upon information and belief, Plaintiff knowingly and intentionally created a recording of his conversation with CPOD's agent without that agent's knowledge or consent. Plaintiff then illegally disclosed the contents of the illegally intercepted communication to his counsel and used the contents of the illegally intercepted communication in the present Action.

16. Upon information and belief, Plaintiff is not entitled to any exemption to avoid liability for the illegal interception, disclosure, and use of the communication under Pennsylvania law.

### COUNTERCLAIM COUNT I: VIOLATION OF THE PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT

17. CPOD incorporates the foregoing paragraphs as if set forth at length herein.

18.     WESCA prohibits the (1) intentional interception, or procurement of another to intercept, any wire, electronic, or oral communication; (2) intentional disclosure of "the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication;" and (3) intentional use of "the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication." 18 Pa. Cons. Stat. § 5703.

19.     "Any person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication." *Id*. § 5725(a). A "person" is defined as including "any individual, partnership, association, joint stock company, trust or corporation." *Id*. at § 5702.

20.     Plaintiff knowingly and intentionally recorded his conversation with CPOD's agent using an electronic, mechanical, or other device.

21.     Plaintiff's recording captured the substance of the communication made by CPOD's agent on CPOD's behalf.

22.     Plaintiff knowingly and intentionally shared the recording with his counsel, thereby disclosing the contents of the intercepted communication.

23.     Plaintiff knowingly and intentionally used the contents of the intercepted communication in this Action.

24.     Plaintiff did not disclose that the conversation was being recorded.

25. Plaintiff did not have CPOD and/or CPOD's agent's consent to record the conversation. Plaintiff has therefore repeatedly violated the WESCA.

26. WHEREFORE, CPOD respectfully demands that the Court enter judgment in its favor and against Plaintiff, together with costs, attorney's fees, disbursements, and any other relief deemed appropriate by this Honorable Court.

## PRAYER FOR RELIEF

**WHEREFORE**, CPOD prays for relief and judgment, as follows:

A. That judgment be rendered in favor of CPOD against Plaintiff with respect to the Counterclaims;

B. That CPOD be awarded its cost of the suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and,

C. For such other relief the Court deems just and proper.

## JURY TRIAL DEMAND

A jury trial is demanded on all issues triable by a jury.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

BY:   */s/ Elyse N. Cohen*
      Elyse N. Cohen
      PA Bar ID No. 320787
      1000 Westlakes Drive, Suite 275
      Berwyn, PA 19312
      610-943-5354

Dated: April 24, 2025       Elyse.cohen@nelsonmullins.com
      *Counsel Committee for Police Officers Defense PAC.*

**CERTIFICATION**

I hereby certify that on April 24, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Elyse N. Cohen*
Elyse N. Cohen